Robert M.A. JOHNSON, Anoka County
Attorney, Appellant,

v.

MULTIPLE MISCELLANEOUS ITEMS
NUMBERED 1–424 listed on the at-
tached evidence sheet and found at the
residence of Chris Victor Hovaldt, with
the exclusion of numbers 2, 7, 8, 25, 33,
42, 43, 56, 58, 59, 65, 73, 103, 147, 153, 155,
156, 157, 165, 168, 170, 171, 175, 177, 181,
184, 185, 187–189, 191–196, 198–200, 233,
237, 238, 242, 245, 249, 251, 255, 257, 263–
265, 273–275, 301, 302, 304, 305, 307–311,
313–315, 319, 320, 323, 326, 327, 331, 373,
385, Respondents.

No. C6–94–966.

Court of Appeals of Minnesota.

Oct. 25, 1994.

M. Katherine Doty, Asst. County Atty.,
Anoka, for appellant.

Barry V. Voss, Timothy J. Hickman, Voss
and Goetz, P.A., Minneapolis, for respon-
dents.

Considered and decided by FORSBERG,
P.J., and LANSING * and THOREEN, JJ.

* Chief Judge Simonett originally heard this case   and subsequently recused herself.

## OPINION

JOHN F. THOREEN, Judge.**

On appeal from final judgment and denial of new trial, appellant Anoka County (the county) contends the district court erred in concluding that respondent property was not subject to forfeiture under Minn.Stat. § 609.5312 as contraband property.

## FACTS

■ On September 8, 1988, federal and state law enforcement officers executed warrants in Anoka County to search the person, apartment, and car of the claimant, Chris Hovaldt (Hovaldt). They seized over 400 items, including illegal weapons, drugs, and property identified as stolen.

Hovaldt pleaded guilty to a weapons violation in U.S. District Court and was sentenced on November 15, 1989. He pleaded guilty to receiving and concealing stolen property (15 items) in Anoka County and was sentenced on December 21, 1989. The county returned some 75 items to their "true owners" and on November 15, 1989, commenced forfeiture proceedings against the remaining 350 items.

The forfeiture action was submitted on stipulated facts. The trial court found that the 350 items were stolen, but denied forfeiture under Minn.Stat. § 609.5312. There was no dispute as to the requirement that a designated offense be proved as Hovaldt had pleaded guilty to the stolen goods charge, but the county failed to convince the court that the property items "facilitated the commission" of the crime.

The county moved for a new trial and argued that the items were also "contraband" and thus subject to forfeiture. The trial court noted that this argument was not made at trial, but considered it and denied the motion. The county appeals.

** Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.
1. Thus, section 609.5311 (1988) deals with the forfeiture of property associated with controlled substances, section 609.5312 (1988) with the forfeiture of property associated with certain specifically enumerated nondrug crimes, section 609.5313 (1988) with judicial foreclosure, section

Respondent attempts to raise the issue of double jeopardy, claiming the statute is unconstitutional, for the first time in this appeal, relying on *Department of Revenue of Mont. v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767, which was decided on June 6, 1994, some nine months after the findings in this case were filed.

## ISSUE

In denying appellant county's forfeiture claim, did the trial court properly construe Minn.Stat. § 609.5312?

## ANALYSIS

This appeal challenges the trial court's interpretation of language contained in Minn. Stat. § 609.5312, subd. 1 (1988). The construction and application of statutory language to established facts is a question of law for a reviewing court. *Meister v. Western Nat'l Mutual Ins. Co.,* 479 N.W.2d 372, 376 (Minn.1992).

## I.

Before 1988, Minnesota's forfeiture law was contained in a single statute. *See* Minn. Stat. § 609.531 (1986). Due to the disparate nature of forfeiture actions, in 1988 the Minnesota legislature chose to divide the various actions and assign their control to individual specific statutes. *See* Minn.Stat. § 609.531 (1988).[1] This revamped section 609.531 provides the general rules for all eight forfeiture statutes.

The county disputes the trial court's application of the stipulated facts to Minn.Stat. § 609.5312, subd. 1 (1988), which provides:

All personal property is subject to forfeiture if it was used or intended for use to commit or facilitate the commission of a designated offense. All money and other property, real and personal, that represent

609.5314 (1988) with administrative foreclosure of property seized in connection with controlled substances, section 609.5315 (1988) with the disposition of forfeited property, section 609.5316 (1988) with summary forfeiture, section 609.5317 (Supp.1989) with the forfeiture of real property, and section 609.5318 (Supp.1993) with the forfeiture of property used in drive-by shootings.

proceeds of a designated offense, and all contraband property, are subject to forfeiture, except as provided in this section.

The provision's plain language denotes that there are two distinct elements to any forfeiture action under this statute. The first element requires proof of a designated offense. "Designated offense" is defined by statute to include "a felony in violation of, or a felony-level attempt or conspiracy to violate, section * * * 609.53." Minn.Stat. § 609.531, subd. 1(f)(2) (1988). The second element demands a showing that the property at issue (1) was used to (a) commit or (b) facilitate the designated offense, (2) represents proceeds of the designated offense, or (3) is contraband property. Minn.Stat. § 609.5312, subd. 1.

Proof of a designated offense is conceded as the claimant pleaded guilty to receiving and concealing stolen property in violation of Minn.Stat. § 609.53 (1988). The county, however, claims that the trial court erred in determining that two facets of the second element, i.e., that the respondent property (1) facilitated the claimant's offense or (2) was contraband property, had not been proved. Minn.Stat. § 609.5312, subd. 1.

As a preliminary matter, respondent claims that because the county did not argue the "contraband" element at trial, it should be barred from raising it on appeal. We disagree. This court may only examine "those issues that the record shows were presented and considered by the trial court in deciding the matter before it." *Thayer v. American Fin. Advisers, Inc.*, 322 N.W.2d 599, 604 (Minn.1982). While it is true that the county argued that respondent property was forfeited as "contraband" for the first time in its motion for a new trial, the trial court considered this issue on its merits.

■ Minn.Stat. § 609.5312 provides that "all contraband property [is] subject to forfeiture." For the purposes of this case, "contraband" is defined as "property which is illegal to possess under Minnesota Law." Minn.Stat. § 609.531, subd. 1(d). When construing statutes and endeavoring to discover the legislative intent, a reviewing court will consider contemporaneous statutes relating to the same subject matter in so far as they clarify the statute in question. *Hahn v. City of Ortonville*, 238 Minn. 428, 436, 57 N.W.2d 254, 261 (1953). In interpreting a statute, this court should look first to the specific statutory language and be guided by its natural and most obvious meaning. *Nadeau v. Austin Mutual Ins. Co.*, 350 N.W.2d 368, 373 (Minn.1984). If the legislature provides rules of construction with which to interpret a statute, this court should apply those rules.

With regard to the forfeiture statutes, the Minnesota legislature has outlined five rules of construction, which provide:

> **Construction.** Sections 609.531 to 609.5316 must be liberally construed to carry out the following remedial purposes: (1) to enforce the law; (2) to deter crime; (3) to reduce the economic incentive to engage in criminal enterprise; (4) to increase the pecuniary loss resulting from the detection of criminal activity; and (5) to forfeit property unlawfully used or acquired and divert the property to law enforcement purposes.

Minn.Stat. § 609.531, subd. 1a (1988) (amended in 1989 to add section 609.5317 and again in 1993 to add section 609.5318). Applying the legislature's rules of construction to the "contraband" element, we believe the legislature intended "contraband" to include property which is illegal for *the particular offender* in question to possess.

Construing "contraband" in such a manner satisfies all five legislative purposes. It enforces the law in that "fences"[2] are on notice that all stolen property in their possession will be forfeited. It deters "fences" from dealing in stolen goods for risk of losing their entire illegitimate inventory. It reduces any economic incentive in "fencing" as any money the "fence" paid for the stolen goods is not recoverable. It increases the pecuniary loss to "fences" in that not only do they forfeit stolen goods whose owners are detectable, but also those goods whose "true owners" are unknown. Finally, it allows for the forfeiture of property unlawfully acquired and insures

---

**2.** We use this term in the abstract to mean a person who buys and sells stolen goods. We make no judgment as to whether the claimant is such a person.

that the property, absent the finding of the "true owners," is utilized for law enforcement purposes.

Respondent appears to agree with this interpretation of contraband, but argues that even if the respondent property is "contraband," it is only forfeitable if the claimant *knew* it was stolen. In making this argument, however, respondent misses two important legal distinctions. First, respondent forgets that a forfeiture action is "in rem," and not "in personam." In other words, *the property* and not the complainant is the subject of the forfeiture action. The issue at trial is not whether the claimant knew the property was stolen, but rather, whether the property is illegal for the claimant to possess in Minnesota. Second, respondent ignores the language of the statute. In effect, respondent asks this court to impute a mental state into the "contraband" prong of section 609.5312, subdivision 1 when no reference to a mental state exists. Section 609.5312 plainly states "*all* contraband property [is] subject to forfeiture." (Emphasis added.) The legislature could have provided (but did not) that "all property *known* by the possessor to be contraband is subject to forfeiture." Given the "in rem" character of forfeiture actions and the lack of any statutory reference to a mental state, we decline respondent's invitation to impute a knowledge requirement to Minn.Stat. § 609.5312.

Therefore, we hold that the second element of Minn.Stat. § 609.5312, subd. 1 allows for the forfeiture of any goods that are illegal for the claimant in question to possess. Applying this definition to this case, we note that the trial court determined the respondent property was stolen. Neither party contests this finding. Based upon this determination, we rule that as the respondent property was stolen, it was illegal for the claimant to possess and therefore contraband subject to forfeiture under Minn.Stat. § 609.5312.

## II.

■ Respondent here claims for the first time that Minn.Stat. § 609.5312 violates his constitutional right to be free from double jeopardy. If the constitutionality of a statute is not challenged in the trial court, both parties are barred from posing such a challenge in this court. *McGuire v. C & L Restaurant, Inc.*, 346 N.W.2d 605, 610 (Minn. 1984). Therefore, we decline to rule on this issue.

■ However, we point out that in our opinion, respondent's reliance on the *Kurth Ranch* case, that considered a Montana statute taxing a person convicted of possessing marijuana, is unfounded. —— U.S. ——, 114 S.Ct. 1937. The Supreme Court struck down the law because there was no justification for the tax and because it was punitive. By contrast, the Court has long recognized forfeiture actions as remedial, as they reimburse the government for the expense of investigation. *See Helvering v. Mitchell*, 303 U.S. 391, 400, 58 S.Ct. 630, 633, 82 L.Ed. 917 (1938) (noting that Congress enacted the first forfeiture law in 1789 and forfeiture sanctions have been consistently upheld against the argument that they are essentially criminal). Keeping illegal goods out of the hands of those who cannot legally possess them "is a goal plainly more remedial than punitive." *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 364, 104 S.Ct. 1099, 1106, 79 L.Ed.2d 361 (1984).

## DECISION

The district court erred in denying the county's claim that respondent property was forfeit under Minn.Stat. § 609.5312 as contraband property. As we agree with the county as to its "contraband" theory, we need not consider its "facilitated" theory.

**Reversed.**