**In Re the Marriage of: Fran Elizabeth CIN, Petitioner, Respondent,**

v.

**Jon Wallace CIN, Appellant.**

**No. C1–85–110.**

Court of Appeals of Minnesota.

July 30, 1985.

Review Denied Sept. 19, 1985.

Robert V. Dalager, Morris, for respondent.

James H. Martin, Morris, for appellant.

Heard, considered and decided by LESLIE, P.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

This is an appeal from a judgment entered July 30, 1984, following a trial contesting property division, debt and attorney fees in a marriage dissolution. The appeal is also taken from orders denying a motion for a new trial and a motion to set aside the judgment.

Dismissed for lack of jurisdiction.

## FACTS

Respondent Fran Cin initiated an action for dissolution of her marriage to appellant Jon Cin. An order for temporary relief was issued. Issues in the matter were bifurcated; child support, custody, visitation and maintenance were resolved by a partial marital termination agreement. Division of property, debt and attorney fees were contested in a trial held April 17, 1984. Judgment was entered July 30, 1984. On August 1, 1984, respondent's attorney served a copy of the court's findings of facts, conclusions of law and order for judgment on appellant's attorney.

On August 31, 1984, Jon Cin moved for amended findings of fact, and in the alternative, a new trial. Fran Cin's attorney moved for denial of the motions because they were not timely made within 15 days after the service of the notice of the court's findings of facts, conclusions of law and order for judgment as required under Minn.R.Civ.P. 59.03.

The motion was heard September 13, 1984. No application to extend the time for hearing beyond the 30 days had been made under Minn.R.Civ.P. 59.03. The court denied appellant's motions as not timely made. Appellant moved the trial court to set aside the judgment of July 30, 1984, under Minn.R.Civ.P. 60.01, claiming clerical error. The court denied this motion. On January 14, 1985, appellant brought this appeal from the judgment entered July 30, 1984, from the order denying a motion for a new trial and from an order denying the motion to set aside the judgment.

Dismissed for lack of jurisdiction.

## ISSUES

1. Did the appellant follow procedure required by the Minnesota Rules of Civil Procedure and the Minnesota Rules of Civil Appellate Procedure in:

(a) filing a motion for a new trial,

(b) appealing from a judgment,

(c) appealing an order denying a motion to set aside a judgment?

## DISCUSSION

1(a) Appellant argues that the trial court should not have denied his motion for amended findings of facts, and in the alternative, for a new trial on the grounds that it was not timely made. Minn.R.Civ.P. 59.-03 requires that a motion for a new trial shall be served within 15 days after a general verdict or service of notice by a party of the filing of a decision or order.

However, appellant contends that in light of Rule Three of the Eighth Judicial District, the trial court judgment should not have been entered for 30 days after it was signed. Rule Three states that "[i]n contested matters no judgment shall be entered until the expiration of thirty days after the verdict or findings." The rule was repealed in October 1984. Here, the judgment determining marital property, debt and attorney fees was entered July 30, 1984. Both parties received notice of entry of judgment from the clerk of court. In addition, respondent's attorney served notice of the court's findings of facts, conclusions of law and order for judgment on appellant's attorney on August 1, 1984. Appellant filed his motion for a new trial August 31, 1984, 30 days after receiving respondent's notice or 27 days, if 3 days allowance is made for service by mail under Minn.R.Civ.P. 6.05.

Appellant claims that Rule Three has the effect of extending the time for filing a motion for a new trial from 15 days

to 45 days. Even if the rule applied to the county court, it could not have the effect of extending the time for filing a motion for a new trial.

Minn.R.Civ.P. 58.02 provides that the district court may stay entry of judgment for not more than thirty days. Minn.R.Civ.P. 59.06 states that a stay under Rule 58 "shall not be construed to extend the time within which a party may serve a motion hereunder." If a stay of entry of judgment under Minnesota Rules of Civil Procedure cannot effect an extension of the time allowed to file a motion for new trial, it is unreasonable to assume that special rules of a district court could accomplish such a result. The trial court, therefore, did not have jurisdiction to hear the motion for a new trial. Hence, jurisdiction for an appeal based on the denial of the motion for a new trial is similarly lacking.

■ 1(b) Jon Cin also appeals from the judgment filed July 30, 1984, and from the order denying his motion to set aside the July judgment based on a clerical error. Both appeals are procedurally invalid. The appeal from the judgment was not timely made. Appellant filed this appeal 167 days after judgment had been entered on July 30, 1984. The procedural argument appellant attempted to use to appeal denial of his motion for a new trial does not extend the 90 day period for appealing from a judgment. Minn.R.Civ.App.P. 104.01.

■ While it is true some 87 days passed between the time the trial court heard the motion for new trial and issuance of the order denying this motion, there is no Minnesota law which holds that the period for appealing from a judgment is extended or suspended until the court has ruled on post-trial motions. Appeal from the judgment was untimely, and therefore, this court has no jurisdiction to hear it.

■ 1(c) Jon Cin's appeal from the order denying his motion to set aside the July judgment because of a clerical error under Minn.R.Civ.P. 60.01 is not an appealable order under Minn.R.Civ.App.P. 103.03.

Because this court lacks jurisdiction to hear Jon Cin's appeal from an order denying his motion for a new trial, and because the appeal from the judgment was untimely made, we dismiss the appeal. In reviewing the record to arrive at our decision on lack of jurisdiction, we find no error.

## DECISION

We dismiss the appeal for lack of jurisdiction.

Dismissed.