**Norman and Mary EID, Respondents,**

v.

**Dennis HODSON, et al., Appellants,**

**Scandy Concrete Company, et al., Defendants.**

**No. C6–94–594.**

Court of Appeals of Minnesota.

Sept. 20, 1994.

Jean Boos, David E. Krause, Krause & Rollins, Minneapolis, for appellants.

Laura J. Hein, Kathryn J. Bergstrom, Gray, Plant, Mooty Mooty & Bennett, P.A., Minneapolis, for respondents.

Considered and decided by PETERSON, P.J., and PARKER and CRIPPEN, JJ.

## OPINION

PETERSON, Judge.

Appellants challenge a judgment reallocating to appellants an uncollectible amount of a judgment. We reverse and remand.

## FACTS

In 1986 respondents Norman and Mary Eid (the Eids) planned to buy a home in the Twin Cities. An Edina Realty sales agent showed the Eids the home of appellants Dennis and Mary Ann Hodson (the Hodsons). Earlier in 1986, the Hodsons had contracted with Scandy Concrete Company (Scandy) to repair a foundation problem in their house. The Hodsons disclosed the foundation problem to the Eids and also showed them Scandy's letter indicating that, following the repair work, the foundation was "sound."

The Eids bought the home. In 1989 the foundation failed. The Eids had the problem repaired and sued the Hodsons, Scandy, and Edina Realty for intentional and negligent misrepresentation. After a trial, the jury by special verdict found that the Hodsons and Scandy knowingly made false representations to the Eids, Edina Realty did not make a false representation, and the Eids were negligent in purchasing the home. The jury found damages of $32,289.32 and allocated fault as follows:

| | |
|---|---|
| Eids | 15% |
| Hodsons | 50% |
| Scandy | 35% |
| Edina Realty | 0% |

The trial court applied the fault percentages to the damages amount and awarded judgment against the Hodsons in the amount of $16,144.66 and judgment against Scandy in the amount of $11,301.26. The Eids moved to amend the trial court's conclusions of law arguing that none of their allocated fault should be apportioned to them because the Hodsons and Scandy were liable for intentional as well as negligent misrepresentation. The trial court granted the motion, applied only the defendants' fault percentages to the damages amount, and awarded judgment against the Hodsons in the amount of $18,993.72 and against Scandy in the amount of $13,295.60.

Two separate judgments were entered on March 2, 1993; one against the Hodsons for $18,993.72, plus interest, costs, and disbursements, and one against Scandy for $13,295.60, plus interest, costs, and disbursements. No party appealed from either of these judgments and no party sought relief in the trial court from either judgment.

In November 1993, the Eids moved the trial court to declare that the equitable share

of the judgment assigned by the jury to Scandy is uncollectible and to reallocate the uncollectible amount to the Hodsons. The trial court determined that the judgment against Scandy was uncollectible. Instead of allocating the entire uncollectible amount to the Hodsons, however, the trial court apportioned the amount between the Hodsons and the Eids according to their percentages of fault and awarded an additional judgment against the Hodsons in the amount of $10,-237.61. On March 2, 1994, a judgment for $10,237.61, plus interest, was entered against the Hodsons. This appeal is taken from the March 2, 1994 judgment.

## ISSUE

Did the trial court err by awarding an additional judgment against the Hodsons after determining that the judgment against Scandy was uncollectible?

## ANALYSIS

■ This case involves interpretation of Minn.Stat. § 604.02, subds. 1–2 (1992). Interpretation of a statute is a question of law subject to de novo review. *Schumacher v. Ihrke,* 469 N.W.2d 329, 332 (Minn.App.1991). Minn.Stat. § 604.02 provides:

> Subdivision 1. *When two or more persons are jointly liable,* contributions to awards shall be in proportion to the percentage of fault attributable to each, except that each is jointly and severally liable for the whole award. * * *
>
> * * * * * *
>
> Subd. 2. Upon motion made not later than one year after judgment is entered, the court shall determine whether all or part of a party's equitable share of the obligation is uncollectible from that party and shall reallocate any uncollectible amount among the other parties, including a claimant at fault, according to their respective percentages of fault. A party whose liability is reallocated is nonetheless subject to contribution and to any continuing liability to the claimant on the judgment.

(Emphasis added.)

■ Following trial on the Eids' misrepresentation claims, the trial court awarded sep-

arate judgments for different amounts against the Hodsons and Scandy and the separate judgments were entered. The judgments indicate only that the Hodsons are liable to the Eids for an award of $18,-993.72 plus interest, costs, and disbursements and Scandy is liable to the Eids for an award of $13,295.60 plus interest, costs, and disbursements. The judgments do not indicate that the Hodsons and Scandy are jointly liable for either judgment.

■ It is not clear whether the trial court in the original action brought by the Eids intended to make the Hodsons and Scandy jointly liable for the entire amount of damages. It is clear, however, that the judgments actually entered did not establish joint liability for the entire amount.

Where joint tortfeasors are named as defendants in a single action, the damages against each must be the same. *Stacy v. Goff,* 241 Minn. 301, 304, 62 N.W.2d 920, 922 (1954). In fact, the judgments entered did not establish joint liability for any amount.

If the initial judgments were not correct, relief from the judgments may be available in the trial court under Minn.R.Civ.P. 60. Unless joint liability is established, however, Minn.Stat. § 604.02, subd. 2 does not apply and there is no basis for reallocating any uncollectible amount of a judgment to another party. The trial court erred by reallocating an uncollectible amount of the judgment against Scandy to the Hodsons. The Hodsons were not jointly liable for the judgment against Scandy; they were liable to the Eids under a separate judgment.

We remand this case to the district court for further proceedings consistent with this opinion. We express no opinion whether relief from the separate judgments is available under Minn.R.Civ.P. 60 or upon any other basis. Because of our disposition of this case, we do not reach the issue of whether the trial court erred by not reallocating the entire Scandy obligation to the Hodsons.

## DECISION

As the Hodsons were not jointly liable for the judgment against Scandy, there was no

basis under Minn.Stat. § 604.02, subd. 2 to reallocate any uncollectible amount of the judgment to the Hodsons.

**Reversed and remanded.**