**Norman EID, et al., Respondents,**

v.

**Dennis HODSON, et al., Appellants,**

**Scandy Concrete Company, Defendants.**

**No. C2–95–1686.**

Court of Appeals of Minnesota.

Jan. 30, 1996.

Laura J. Hein, Kathryn J. Bergstrom, Gray, Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, for respondents.

David E. Krause, Jean E. Boos, Krause & Rollins, Chartered, Minneapolis, for appellants.

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

Considered and decided by LANSING, P.J., and PETERSON and FOLEY, JJ.

## OPINION

FOLEY, Judge.*

Appellants Dennis and Mary Ann Hodson were sued for fraud and negligent misrepresentation in connection with the sale of their home to respondents Norman and Mary Eid. A jury found the Hodsons and co-defendant Scandy Concrete Company guilty of fraud and negligent misrepresentation. The jury awarded the Eids damages in the amount of $32,289.32, but apportioned fault among all of the parties. The court then granted a post-trial motion by the Eids to reallocate the entire damages award between the Hodsons and Scandy Concrete in accordance with the jury finding of the intentional tort of fraud. Upon finding the portion of the judgment against Scandy to be uncollectible, the Eids then moved the court to reflect the jury findings in the judgment by reallocating Scandy's portion of damages to the Hodsons. The trial court granted the motion, and the Hodsons appealed. On appeal, this court determined that damages could not be reapportioned to the Hodsons without clarification by the trial court to determine whether there was joint and several liability between the parties. On remand, the Eids moved the trial court to correct the original judgment, pursuant to Minn. R. Civ. P. 60.01, to reflect the jury finding of fraud and their prayer for damages against each of the defendants. The trial court granted the motion. The Hodsons appeal, and we affirm.

## FACTS

In September 1986, the Eids were shopping for a new home. They were shown the Hodson home by a real estate agent from Edina Realty. After expressing interest in the property, the Eids were given a Statement of Condition by the Hodsons. The statement indicated that there had been cracks in the walls of the foundation, but that "preventative maintenance" had been under-

art. VI, § 2.

taken to correct any problems. The Hodsons had hired Scandy to repair the foundation of the home. The Hodsons provided the Eids with a letter of assurance from Scandy verifying the work done to the basement. Scandy's letter described the repairs performed and concluded that "the basement was sound." Relying on these representations and assurances, the Eids purchased the home.

In 1989, the foundation of the home began to crack and bow. The Eids then learned that the foundation had known substantial defects that had not been cured by the Hodsons or Scandy. In 1991, the Eids commenced an action against the Hodsons, Scandy, and Edina Realty for fraudulent and negligent misrepresentation, praying for relief "against all defendants, and each of them."

The jury returned a verdict finding the Hodsons and Scandy guilty of fraud and negligent misrepresentation.[1] The jury also found the Eids contributorily negligent in the purchase of the property and apportioned fault as follows:

| | |
|---|---|
| Eids | 15% |
| Hodsons | 50% |
| Scandy | 35% |
| Edina | 0% |

The jury determined the total amount of damages to be $32,289.32. The trial court reduced the damages award by 15% (the Eids' contributory negligence amount) and entered judgment against the Hodsons in the amount of $16,144.66 and against Scandy in the amount of $11,301.26.

The Eids moved the court for amended conclusions of law to reinstate the 15% that the trial court had incorrectly deducted from the damages award due to their contributory negligence. The Eids argued that because fraud was an intentional tort, the trial court erred in applying the principles of contributory negligence to reduce the damages award. They further argued that because the jury found that the defendants had committed an intentional tort (fraud), the entire judgment should have been entered against

each of the defendants as requested in their prayer for relief.

The trial court granted the Eids' motion and amended the conclusions of law to state:

The court finds it was erroneous to reduce plaintiffs' award due to comparative fault principles. The special verdict form indicates the jury found all the elements of fraud were present in the acts or omissions of defendants Scandy Concrete and the Hodsons.

The trial court then allocated the entire damages award between the Hodsons and Scandy in the assigned percentages of fault as indicated by the jury.

Shortly thereafter, the Eids learned that Scandy had become insolvent, making the judgment against them uncollectible. The Eids moved the court to reallocate Scandy's uncollectible portion of the judgment to the Hodsons. The trial court granted the motion, and the Hodsons appealed.

On appeal this court determined:

It is not clear whether the trial court in the original action brought by the Eids intended to make the Hodsons and Scandy jointly liable for the entire amount of damages. It is clear, however, that the judgments actually entered did not establish joint liability for the entire amount.

*Eid v. Hodson,* 521 N.W.2d 862, 864 (Minn. App.1994). This court then concluded that the trial court erred in reallocating the damages without a clear determination of joint liability between the parties responsible for the judgment. *Id.* The case was remanded to the trial court for further proceedings. *Id.*

The Eids then moved the court to correct the mistake in the judgment, pursuant to the provisions of Minn. R. Civ. P. 60.01. The Eids argued that a finding of fraud in the jury verdict supported a judgment of joint and several liability between the Hodsons and Scandy and that it was plain error by the trial court in failing to reflect this finding in the order. Upon review of the motion, the trial court determined:

1. All claims against Edina Realty were dismissed.

It appears to the court, however, that it is appropriate to enter judgment against all defendants except Edina Realty, Inc. as plaintiffs did plead in their addendum clause a prayer for judgment against defendants jointly and severally.

The trial court granted the Eids' motion, making the defendants jointly and severally liable nunc pro tunc to March 2, 1992.

## ISSUES

1. Did the trial court err by amending the order of judgment to assign joint and several liability to the at-fault parties for the entire amount of damages pursuant to the provisions of Minn. R. Civ. P. 60.01?

2. Did the trial court err in ordering the judgment to be entered nunc pro tunc to March 2, 1992?

## ANALYSIS

A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

### I.

The Hodsons argue that amending the order to make them jointly and severally liable for the entire judgment is a substantial departure from the jury findings that entitles them to a new trial. The Hodsons further argue that such an amendment constitutes an attack on the verdict that the court cannot make pursuant to the provisions of Minn. R. Civ. P. 60.01.

To support their position, the Hodsons cite to *Wilson v. City of Fergus Falls,* 181 Minn. 329, 232 N.W. 322 (Minn.1930) and *Gould v. Johnson,* 379 N.W.2d 643 (Minn.App.1986), *review denied* (Minn. Mar. 14, 1986) for support. In *Wilson,* the lower court amended a judgment to include findings that were not supported on the face of the record. *Wilson,* 181 Minn. at 330, 232 N.W. at 323. The Minnesota Supreme Court reversed, concluding that the amendment was not a clerical error because the amended findings created a different disposition of the case that could not be supported by reference to the record. *Id.* at 332, 232 N.W. at 323.

In *Gould,* appellant sought to set aside the lower court's judgment of dismissal and, in the alternative, revival of another cause of action. The supreme court held:

An order denying a motion to set aside a judgment because of clerical error under Minn. R. Civ. P. 60.01 is not an appealable order under Minn. R. Civ. P. 103.03.

*Gould,* 379 N.W.2d at 646 (citing *Cin v. Cin,* 372 N.W.2d 10, 12 (Minn.App.1985), *review denied* (Minn. Sept. 19, 1985)).

This case must be distinguished from *Wilson* and *Gould,* because here the amended conclusion of law making the Hodsons jointly and severally liable only resolves the ambiguity created by the omission of this determination in the original order. The jury finding of fraud, as reflected in the special verdict form, clearly supports a finding of joint liability between the at-fault parties.

Minn. R. Civ. P. 60.01 provides in part:

Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time upon its own initiative or on the motion of any party and after such notice, if any, as the court orders.[2]

A motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say anything other than what was originally pronounced. *See* 11 C. Wright, A. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2854 (2d ed.1995), p. 241; *see also Burton v. Johnson,* 975 F.2d 690, 694 (10th Cir.1992) (Rule 60 allows resolution of ambiguity in the judgment to reflect more clearly the contemporaneous intent), *cert. denied* — U.S. ——, 113 S.Ct. 1879, 123 L.Ed.2d 497 (1993). "[T]he trial court may clarify the terms of the order if they are ambiguous." *Nelson v. Quade,* 413 N.W.2d 824, 827 (Minn. App.1987) (citing *Landwehr v. Landwehr,*

---

**2.** Minnesota Rule 60 is identical to Fed.R.Civ.P. 60. 2A D. Herr & R. Haydock, *Minnesota Practice,* § 60.2 at 291 (1985).

380 N.W.2d 136, 139 (Minn.App.1985)), *review denied* (Minn. Dec. 22, 1987).

■ The fact that the trial court omitted the specific notation of joint and several liability should not relieve the Hodsons of their burden and the consequences of having been found guilty of the intentional tort of fraud. On review of the special verdict form, such a finding of joint and several liability is not contrary to the disposition of the case, but represents a clerical oversight by the trial judge that is correctable under Minn. R. Civ. P. 60.01.

In *Chavez v. Balesh,* 704 F.2d 774 (5th Cir.1983), the court held that correcting an original judgment to add an award of liquidated damages was a mere clerical error. *Id.* at 777. After reviewing the findings of fact, the *Chavez* court stated:

> [R]ule 60(a) concerns "what is erroneous because the thing spoken, written, or recorded is *not what the person intended* to speak, write or record * * *."
>
> * * * *
>
> We believe that Rule 60(a) is broad enough to encompass the instant case. * * * We do not regard this as a hard case on the facts; we are satisfied the original award was a misstatement.

*Id.* at 776 (quoting *Allied Materials Corp. v. Superior Products Co.,* 620 F.2d 224, 226 (10th Cir.1980)). The court concluded, "[t]he error here, as demonstrated, was an innocent omission apparent from the fact of the record." *Chavez,* 704 F.2d at 777.

■ On further review of the record and subsequent orders, the trial court determined that because the Hodsons and co-defendant Scandy were found guilty of an *intentional* misrepresentation, and because the Eids pleaded in their addendum clause a prayer for judgment "against Defendants, and each of them," the trial judge erred by failing to reflect this finding accurately in the original order. Thus, the record supports the amendment to the order under the provisions of Minn. R. Civ. P 60.01, because the ambiguity resulting from the omission in the original judgment was clarified to "make the judgment speak the truth."

■ We further note that because the omission in the order is apparent on the face of the record, the Hodsons are not entitled to a new trial. *See* 6A J. Moore, *Moore's Federal Practice* ¶ 60.07 (2d ed.1982) (footnotes omitted) ("Where the error is not apparent on the face of the record, and evidence must be heard * * * then the parties should be given notice and an opportunity to be heard."). We conclude that the trial judge's clarification of the order was an omission "apparent on the face of the record," and as such, is an error that is correctable under Rule 60.01.

## II.

The Hodsons argue that the trial court erred in directing the judgment nunc pro tunc to March 2, *1992.* In their brief, the Eids also acknowledge this error.

On review of the record, we observe that the judgment should have been entered nunc pro tunc to March 2, *1993.* We conclude, therefore, that the trial court erred in directing the judgment nunc pro tunc to March 2, 1992, and the order should be amended to reflect the correct judgment date of March 2, 1993.

## DECISION

The Eids' motion to correct entry of judgment pursuant to Rule 60.01 was properly granted. There was evidence on the face of the record to support the trial court's correction of the omission, so that the judgment would speak the truth of the jury verdict. There is also evidence to show that the trial court erred in directing entry of the judgment nunc pro tunc to March 2, 1992. We affirm the trial court's correction of the entry of judgment under Rule 60.01, but modify the order to reflect the correct date of March 2, 1993.

**Affirmed.**