**Alice Ann STAAB, Respondent,**

v.

**DIOCESE OF ST. CLOUD, Appellant.**

No. A09–1335.

Court of Appeals of Minnesota.

March 30, 2010.

Kevin S. Carpenter, Carpenter Injury Law Office, St. Cloud, MN, and H.M. Kershner, Pemberton, Sorlie, Rufer & Kershner, P.L.L.P., Fergus Falls, MN, for respondent.

Dyan J. Ebert, Laura A. Steffes Moehrle, Quinlivan & Hughes, P.A., St. Cloud, MN, for appellant.

Richard J. Thomas, Burke & Thomas PLLP, St. Paul, MN, for amicus Minnesota Defense Lawyers Association.

Considered and decided by PETERSON, Presiding Judge; KLAPHAKE, Judge; and SHUMAKER, Judge.

## OPINION

KLAPHAKE, Judge.

The district court determined that appellant Holy Cross Parish School of the Diocese of St. Cloud was liable for 100% of the damages respondent Ann Staab sustained as the result of a fall on school premises, even though a jury had determined that appellant and respondent's husband were equally at fault in causing the accident. Because Minn.Stat. § 604.02, subd. 1, provides for joint and several liability only against parties "whose fault is greater than 50 percent," appellant could be held liable only for 50% of the damages award. We therefore reverse.

## FACTS

On April 9, 2005, respondent Ann Staab broke her leg and sustained other injuries after she fell out of a wheelchair that was being pushed by her husband, Richard Staab. At the time of the accident, the Staabs were visitors at the Holy Cross Parish School of the Diocese of St. Cloud, appellant herein. The fall occurred when Richard Staab attempted to navigate respondent's wheelchair through a doorway exiting the building; the interior floor of the building was 4–5 inches higher than the concrete on the sidewalk outside.

Respondent initiated a personal injury action against appellant, but she did not name her husband as a defendant. Appellant did not move to add Richard Staab as a third-party defendant. The case was tried before a jury on March 24–25, 2009.

The special verdict form asked the jury to decide whether appellant and Richard Staab were negligent in causing respondent's injuries and to apportion fault between them if both were negligent. The jury found appellant 50% negligent and Richard Staab 50% negligent, and awarded total damages of $224,200.70.

The district court ordered appellant to pay 100% of the damages award and denied appellant's motion for amended findings. The court ruled that Minn.Stat. § 604.02, which addresses the joint and several liability of multiple tortfeasors, did not apply because Richard Staab was not a party to the action.

## ISSUE

Did the district court err in its interpretation of Minn.Stat. § 604.02, subd. 1?

## ANALYSIS

Interpreting statutes, courts must "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (2008); *Brua v. The Minn. Joint Underwriting Ass'n*, 778 N.W.2d 294, 300 (Minn.2010). We construe words according to their "common and approved usage." Minn.Stat. § 645.08, subd. 1 (2008). If the legislature's intent is obviously discernible from a statute's language, we must interpret that language according to its plain meaning without applying other principles of statutory construction. *State v. Anderson*, 683 N.W.2d 818, 821 (Minn. 2004). The language of a statute is ambiguous only if it is subject to more than one reasonable interpretation. *Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 384 (Minn.1999). Interpretation of a statute on undisputed facts is a question of law subject to de novo review. *Reider v. Anoka-Hennepin Sch. Dist. No. 11*, 728 N.W.2d 246, 249 (Minn.2007).

The current version of Minn.Stat. § 604.02 pertaining to multiple tortfeasors' liability states:

> When two or more persons are severally liable, contributions to awards shall be in proportion to the percentage of fault attributable to each, except that the following persons are jointly and severally liable for the whole award:
>
> (1) a person whose fault is greater than 50 percent;
>
> (2) two or more persons who act in common scheme or plan that results in injury;
>
> (3) a person who commits an intentional tort;
>
> (4) a person whose liability arises under [certain environmental or public health laws].
>
> This section applies to claims arising from events that occur on or after August 1, 2003.

This is our first opportunity to construe this statutory language, and we conclude that there is only one reasonable interpretation as it applies here. Beginning with the word "person," we observe that "person" must be defined broadly to include not just a party to a lawsuit, but any tortfeasor "whose fault has been submitted to the jury, or, in other words, parties to the transaction." *Hosley v. Armstrong Cork Co.*, 383 N.W.2d 289, 293 (Minn.1986) (defining "party" for purposes of the reallocation provisions of Minn.Stat. § 604.02). Applying this definition, both appellant and Richard Staab are "persons" within the meaning of the statute. Further, both appellant and Richard Staab are "severally liable" because they were found to share a portion of the fault in causing the accident that injured respondent. Under the plain language of the statute, they are "each" to "contribute" to the damages "award" "in proportion to the percentage of fault attributable to each."

The statute further specifies four exceptions to the general rule of several liability under which a person may be found "jointly and severally liable for the whole award." One of those exceptions is when "a person['s] fault is greater than 50 percent." Because appellant was found 50% at fault by a jury, it was responsible for 50% of the jury damages award, but because appellant's fault was not found by the jury to be "greater than 50 percent," appellant could not be found "jointly and severally liable for the whole award." Thus, applying the plain language of Minn. Stat. § 604.02, subd. 1, appellant was severally liable only for 50% of the jury award of $224,200.70. Given our interpretation of this statute, we conclude that the district court erred in ruling that appellant was responsible for 100% of respondent's damages award.[1]

We note that the most recent amendment to the statute is a culmination of incremental changes that limit the scope of joint and several liability of multiple tortfeasors in the State of Minnesota. The version of the statute in effect just prior to the 2003 amendment provided:

---

1. Our interpretation of the statute is consistent with the writing of Professor Michael Steenson on this subject in a law review article discussing the statute: "[t]he 2003 amendment is a ... serious limitation of the rule of joint and several liability. The new starting assumption is that the liability of two or more tortfeasors will be several, rather than joint, subject to four exceptions where joint and several liability will apply." Michael K. Steenson, *Joint and Several Liability in Minnesota: The 2003 Model*, 30 William Mitchell L.Rev. 845, 846 (2004). Later in the article, Professor Steenson notes: "The major change is that several liability is now the general rule, rather than joint liability. There are now four specific exceptions to the general rule where joint and several liability will apply." *Id.* at 859.

When two or more persons are *jointly* liable, contributions to awards shall be in proportion to the percentage of fault attributable to each, *except that each is jointly and severally liable for the whole award.* Except in cases where liability arises under [certain environmental or public health laws], a person whose fault is 15 percent or less is liable for a percentage of the whole award no greater than four times the percentage of fault, including any amount reallocated to that person under subdivision 2.

Minn.Stat. § 604.02, subd. 1 (2002) (emphasis added). Thus, in the 2002 version of the statute, a tortfeasor was generally "jointly and severally liable for the whole award," while in the current version, a tortfeasor is typically liable only in accordance with percentage of fault, with limited exceptions.

In reaching its decision, the district court relied on *Schneider v. Buckman,* 433 N.W.2d 98 (Minn.1988), a case decided before the 2003 amendment to the statute. In *Schneider,* an ambulance owner who was found 55% at fault[2] for injuries suffered by a patient during transport between hospitals was the only joint tortfeasor who had been sued, and the supreme court stated that there was "but one defendant against whom judgment [could] be or has been entered." *Id.* at 103. The court held the ambulance owner liable for the whole damages award, refusing to apply the statutory tort damages reallocation procedure that applies when there is an uncollectible judgment against a joint tortfeasor.[3] *Id.* The court reasoned that the ambulance owner's reduced individual negligence was "of no practical consequence when there are no other defendants against whom judgment can be entered." *Id.*

We conclude that *Schneider* is inapposite for several reasons. *Schneider* was decided in 1988, before the 2003 amendment to subdivision 1 of section 604.02, when joint and several liability was the general rule of law. Further, under the current statute the ambulance owner would be jointly and severally liable for the client's injuries because it was greater than 50% at fault. Finally, the purpose of the 2003 amendment was to limit the scope of joint and several liability, and the holding of *Schneider* is contrary to that purpose, so it is unclear whether *Schneider* remains good law.[4]

The parties each address several other arguments that we do not find persuasive

---

2. The 55% of fault attributed to the ambulance owner included his individual fault and his fault as respondeat superior.

3. The current reallocation provisions of Minn. Stat. § 604.02, subd. 2 (2008) state, "Upon motion made not later than one year after judgment is entered, the court shall determine whether all or part of a party's equitable share of the obligation is uncollectible from that party and shall reallocate any uncollectible amount among the other parties, including a claimant at fault, according to their respective percentages of fault. A party whose liability is reallocated is nonetheless subject to contribution and to any continuing liability to the claimant on the judgment."

4. According to Professor Steenson, the role of subdivision 2 was limited by the 2003 amendment to subdivision 1, as follows: "[I]ts role was substantially diminished through the adoption of several liability as the general rule in cases involving indivisible injuries caused by joint, concurrent, or successive acts of two or more at-fault defendants. The simple reason is that the elimination of joint and several liability in favor of a general rule of several liability will remove the need for reallocation." Steenson, *supra,* at 884–85; *see Eid v. Hodson,* 521 N.W.2d 862, 864 (Minn. App.1994) (stating that "[u]nless joint liability is established ... Minn.Stat. § 604.02, subd. 2 does not apply and there is no basis for reallocating any uncollectible amount of a judgment to another party").

in light of the clear import of the language of the new version of Minn.Stat. § 604.02, subd. 1. We are mindful that "[w]e may not disregard the clear and unambiguous language of [a] statute." *Brua*, 778 N.W.2d at 301. While respondent offers other interpretations of the statute, they are unreasonable because they would lead to absurd, inconsistent, and arbitrary results, depending upon whether and by whom a tortfeasor who contributed to an injury was made a party to a tort action. While the statute is not a model of clarity, for reasons set forth above, we must reverse the district court's interpretation of the statute.

## DECISION

Because the district court's interpretation of Minn.Stat. § 604.02, subd. 1, requiring appellant to pay 100% of the damages award to respondent does not comport with the plain language of the statute, we reverse. Appellant was severally liable for 50% of the fault for respondent's injuries and could be ordered to contribute to the damages award only in proportion to its percentage of fault.

**Reversed.**