Gail C. O'BRIEN, f/k/a Gail C. Dombeck, Respondent,

v.

William Raymond Herbert DOMBECK, II, Respondent,

Central Valley Cooperative, f/k/a Central Co-op, et al., Appellants.

No. A12–0984.

Court of Appeals of Minnesota.

Dec. 3, 2012.

Stephen J. Smith, Benjamin M. Cass, Smith, Tollefson & Rahrick, Owatonna, MN, for respondent Gail C. O'Brien.

Gregory E. Kuderer, Erickson, Zierke, Kuderer & Madsen, P.A., Fairmont, MN, for respondent William Dombeck.

Gordon H. Hansmeier, Matthew W. Moehrle, Rajkowski Hansmeier, Ltd., St. Cloud, MN, for appellants.

Considered and decided by CONNOLLY, Presiding Judge; JOHNSON, Chief Judge; and RODENBERG, Judge.

## OPINION

RODENBERG, Judge.

Appellants Robert Dean Hareid and Central Valley Cooperative challenge the district court's reallocation of respondent William Dombeck's uncollectible share of a judgment pursuant to Minn.Stat. § 604.02, subd. 2. They also challenge the district court's declination to apportion costs and disbursements in accordance with each defendant's percentage of fault. Because the plain language of the reallocation statute does not require joint and several liability as a prerequisite for reallocation, and because that statute does not require apportionment of costs and disbursements in accordance with the jury's allocation of causal fault, we affirm.

## FACTS

In early 2005, respondent Gail O'Brien was involved in a motor-vehicle accident. Dombeck, her husband at the time, was driving the car in which O'Brien was a passenger. The car collided with a truck driven by Hareid, who was acting in the course and scope of his employment with Central Valley Cooperative.

O'Brien filed a complaint against Dombeck, Hareid, and Central Valley, seeking damages under theories of negligence and vicarious liability. Central Valley admitted that Hareid had been driving the truck in the course and scope of his employment at the time of the accident. Following trial, the jury found that Dombeck and Hareid were both negligent, and that both parties' negligence was a direct cause of the accident. The jury attributed 90% of

the causal fault to Dombeck and 10% to Hareid.

The district court entered an order for judgment in the amount of $283,662.82. It found that Hareid and Central Valley were liable for 10% of the total judgment, or $28,362.28.

O'Brien filed a motion pursuant to Minn. Stat. § 604.02, subd. 2, to reallocate a portion of Dombeck's equitable share of the judgment to appellants, because that portion was "uncollectible" from Dombeck. She argued that, because Dombeck lacked insurance coverage for amounts in excess of $30,000, the balance of his share of the judgment was uncollectible from him within the meaning of the statute.

Following a hearing, the district court granted O'Brien's motion. It reallocated an additional 10% of the judgment to appellants due to Dombeck's insolvency. It also granted O'Brien costs and disbursements in the amount of $15,303.80 against all of the defendants, jointly and severally.

This appeal followed.

## ISSUES

I. Did the district court err as a matter of law in reallocating Dombeck's uncollectible share of the judgment to appellants pursuant to Minn.Stat. § 604.02, subd. 2?

II. Did the district court clearly err in determining that Dombeck was insolvent, and that his share was therefore uncollectible?

III. Did the district court abuse its discretion in failing to allocate costs and disbursements among the defendants in accordance with their apportioned fault?

## ANALYSIS

### I.

■ Appellants argue that the district court erred as a matter of law in ordering reallocation of Dombeck's uncollectible share of the overall obligation pursuant to Minn.Stat. § 604.02, subd. 2. They argue that reallocation is only permissible when the defendants are jointly and severally liable under subdivision 1 of that section.

Appellants' argument turns on the interpretation of Minn.Stat. § 604.02. Statutory interpretation is a question of law, which this court reviews de novo. *Swenson v. Nickaboine,* 793 N.W.2d 738, 741 (Minn. 2011). When interpreting a statute, appellate courts first apply the plain meaning of the text in light of its surrounding context. *Brua v. Minn. Joint Underwriting Ass'n,* 778 N.W.2d 294, 300 (Minn.2010); *Am. Fam. Ins. Grp. v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000).

Subdivision 1 of the comparative-fault statute limits joint and several liability to four discrete circumstances, none of which is present here. It provides that, in all other cases, several liability principles shall apply, requiring "contributions to awards ... in proportion to the percentage of fault." Minn.Stat. § 604.02, subd. 1. Subdivision 2, the reallocation provision, provides:

**Reallocation of uncollectible amounts generally.** Upon motion made not later than one year after judgment is entered, the court shall determine whether all or part of a party's equitable share of the obligation is uncollectible from that party and shall reallocate any uncollectible amount among the other parties, including a claimant at fault, according to their respective percentages of fault. A party whose liability is reallocated is nonetheless subject to contribution and to any continuing liability to the claimant on the judgment.

*Id.,* subd. 2.

Subdivision 2 does not contain any language limiting reallocation to parties who

have been found jointly and severally liable. *See id.* Instead, it applies to the uncollectible portion of a party's "equitable share" of a judgment. *Id.* Although the statute does not define "equitable share," in context, the term refers to the party's percentage of fault apportioned under subdivision 1. *See Staab v. Diocese of St. Cloud,* 813 N.W.2d 68, 75 (Minn.2012) (observing that "a 'severally liable' defendant is responsible for his or her *equitable share* of an award" (emphasis added)). Thus, the term "equitable share" is not limited in application to parties who are jointly and severally liable on a judgment. Likewise, the term "party" has been broadly defined as any person whose fault has been submitted to the jury. *See Hosley v. Armstrong Cork Co.,* 383 N.W.2d 289, 293 (Minn.1986) (applying that definition). The plain text of the statute therefore requires that, on motion, the district court "shall reallocate any uncollectible amount" of a party's equitable share of the judgment in cases where a plaintiff has been damaged by two or more codefendants. Minn.Stat. § 604.02, subd. 2.

Appellants argue that subdivision 1 of Minn.Stat. § 604.02 limits the availability of reallocation under subdivision 2. Specifically, they contend that the legislative history of subdivision 1 supports this interpretation. In 2003, the legislature amended subdivision 1 to limit joint and several liability, imposing several liability as the general rule. *See* 2003 Minn. Laws ch. 71, § 1, at 386; *Staab,* 813 N.W.2d at 72–73 (noting that the 2003 amendment "was intended to modify the common law rule of joint and several liability in Minnesota" by limiting its application). As noted above, subdivision 1 now limits joint and several liability to four discrete circumstances, none of which is present here. *See* Minn.Stat. § 604.02, subd. 1 (2010). Yet, when it enacted the 2003 amendment, the legislature left subdivision 2 intact.

*See* 2003 Minn. Laws ch. 71, at 386 (amending only Minn.Stat. § 604.02, subd. 1). Subdivision 2 broadly provides for reallocation whenever a party's equitable share of the obligation is uncollectible. *See* Minn.Stat. § 604.02, subd. 2. If the legislature had intended to limit the availability of reallocation to cases involving joint and several liability, it could have expressly provided such a limitation, as it did in subdivision 1. Because the legislature did not alter the plain text of the reallocation provision, we decline to read such a limitation into the statute.

Appellants also argue that prior caselaw limits reallocation to cases involving joint and several liability. They rely on *Eid v. Hodson,* which held that "[u]nless joint liability is established, ... Minn.Stat. § 604.02, subd. 2 does not apply and there is no basis for reallocating any uncollectible amount of a judgment to another party." 521 N.W.2d 862, 864 (Minn.App. 1994). Yet *Eid* relied on the former version of the statute. *See id.* (citing Minn. Stat. § 604.02, subd. 2 (1992)). That version provided, "When two or more persons are *jointly* liable, contributions to awards shall be in proportion to the percentage of fault attributable to each...." Minn.Stat. § 604.02, subd. 1 (1992) (emphasis added). By contrast, the statute currently provides, "When two or more persons are *severally* liable, contributions to awards shall be in proportion to the percentage of fault attributable to each...." Minn.Stat. § 604.02, subd. 1 (2010) (emphasis added). Thus, under the reasoning of *Eid,* the statute now permits reallocation when two or more persons are severally liable.

*Eid* is also distinguishable because of its unique facts. In that case, the district court entered two separate judgments against the liable co-defendants. *See Eid,* 521 N.W.2d at 863. Reallocation was unavailable because the defendants there

were subject to separate judgments. *Id.* at 864. They were not jointly and severally liable to the plaintiff with respect to a single judgment. *Id.* Nor were they severally liable on one judgment. *Id.* Read in this light, *Eid* did not establish a blanket requirement of joint liability as a prerequisite to reallocation. Rather, it merely applied the established proposition that when only one defendant is liable on a judgment, that defendant's share cannot be reallocated among other tortfeasors who are not subject to the judgment. *See, e.g., EMC Ins. Cos. v. Dvorak,* 603 N.W.2d 350, 353 (Minn.App.1999) ("The statute requires two or more liable tortfeasors for reallocation to occur."), *review denied* (Minn. Mar. 14, 2000); *Hahn v. Tri-Line Farmers Co-op,* 478 N.W.2d 515, 522 (Minn.App.1991) (noting that reallocation is only available "where there is more than one person against whom judgment can be entered"), *review denied* (Minn. Jan. 27, 1992), *overruled on other grounds by Conwed Corp. v. Union Carbide Chems. & Plastics Co.,*634 N.W.2d 401, 414 (Minn.2001). Here, because appellants and Dombeck were subject to the same judgment, *Eid* is inapposite.

■ In sum, the plain language of Minn. Stat. § 604.02, subd. 2, as currently enacted, does not require joint and several liability as a prerequisite to reallocation. Rather, the plain language of the statute permits reallocation whenever a party's equitable share of the obligation is uncollectible. The district court therefore did not err in applying the plain language of the statute and concluding that reallocation was an available remedy.

## II.

■ Appellants next argue that the district court clearly erred in finding that Dombeck was insolvent and that his share of the judgment was uncollectible within

the meaning of the reallocation statute. Whether a party's share of the judgment is uncollectible is a factual determination. *See* Minn.Stat. § 604.02, subd. 2 (requiring courts, upon motion, to "determine whether all or part of a party's equitable share of the obligation is uncollectible from that party"). This court reviews findings of fact for clear error. Minn. R. Civ. P. 52.01. A finding of fact is clearly erroneous if it is "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *N. States Power Co. v. Lyon Food Prods., Inc.,* 304 Minn. 196, 201, 229 N.W.2d 521, 524 (1975).

■ Appellants argue that the finding that Dombeck's equitable share of the obligation was uncollectible was "premature" because O'Brien had not yet made any attempts at collection. Appellants maintain that O'Brien must first "conduct due diligence and make a good faith effort to collect the judgment" before such a finding may properly be made.

The statute does not prescribe or require collection efforts prior to a motion for reallocation. "Upon motion made not later than one year after judgment is entered, the court shall determine whether all or part of a party's equitable share of the obligation is uncollectible from that party" and reallocate as prescribed by the statute. Minn.Stat. § 604.02, subd. 2. The statute does not otherwise limit a party's ability to seek reallocation within the one-year period prescribed by statute. Although a party seeking reallocation may have good reason to undertake collection efforts prior to contending that an "obligation is uncollectible," the statute does not expressly or implicitly require collection attempts as a prerequisite to finding a share uncollectible. *Id.*

Appellants also argue that the record does not support the district court's finding that Dombeck's equitable share of the obligation was uncollectible. In his affidavit filed after trial, Dombeck attested that he had no income or assets. It is undisputed that his liability insurance coverage was limited to $30,000, and the record is devoid of any evidence of his ability to pay any additional amounts. Appellants submitted no evidence suggesting that Dombeck was able to pay any or all of the remainder of the judgment. The uncontested record supports the district court's finding of insolvency.

Appellants argue that the finding of insolvency was unwarranted because, they speculate, Dombeck might be able to pay his share at some point in the future. But just as the reallocation statute does not require specific collection efforts prior to reallocation, the statute also does not impose a waiting period to determine whether a share that is presently uncollectible may become collectible in the future. *See* Minn.Stat. § 604.02, subd. 2. Instead, it establishes a right to reallocation of the uncollectible amounts as against contributing tortfeasors, and it imposes continuing liability on the non-paying tortfeasors both by way of contribution and by way of "continuing liability to the claimant on the judgment." *Id.* The legislature has plainly provided a mechanism for reallocation, and has not imposed any preconditions of collection efforts or waiting for future collection prospects on the availability of reallocation. It is not for us to impose such requirements when the legislature has not done so. *See, e.g., Tereault v. Palmer,* 413 N.W.2d 283, 286 (Minn.App.1987) ("[T]he task of extending existing law falls to the supreme court or the legislature, but it does not fall to this court."), *review denied* (Minn. Dec. 18, 1987).

Thus, the district court did not clearly err in determining that reallocation was available because Dombeck was unable to pay his equitable share beyond the limits of his insurance.

### III.

Appellants argue that the district court abused its discretion in failing to apportion costs and disbursements in accordance with the jury's allocation of fault. They rely on North Dakota caselaw for the proposition that Minn.Stat. § 604.02, subd. 1, requires courts to allocate costs and disbursements according to fault.

An award of costs and disbursements rests within the district court's sound discretion and will not be disturbed absent an abuse of that discretion. *Lake Superior Ctr. Auth. v. Hammel, Green & Abrahamson, Inc.,* 715 N.W.2d 458, 482 (Minn.App.2006), *review denied* (Minn. Aug. 23, 2006). To the extent appellants' argument rests on statutory interpretation, we apply a de novo standard of review. *See Swenson,* 793 N.W.2d at 741.

The prevailing party in a civil matter is entitled to recover costs and reasonable disbursements. *See* Minn.Stat. §§ 549.02, subd. 1 (costs); .04, subd. 1 (disbursements) (2010). The district court has discretion to determine which party prevailed. *Benigni v. Cnty. of St. Louis,* 585 N.W.2d 51, 54–55 (Minn.1998). Additionally, the district court has discretion "to determine the fair proportion of costs and disbursements to be taxed against each defendant under Minn.Stat. § 549.04." *Craft Tool & Die Co. v. Payne,* 385 N.W.2d 24, 28 (Minn.App.1986).

Appellants argue that the legislature's limitation of joint and several liability in the 2003 amendments to section 604.02 requires costs and disbursements to be apportioned severally, in accordance with

each defendant's percentage of the causal fault. They base this argument on the language of subdivision 1, which provides that "[w]hen two or more persons are severally liable, contributions to *awards* shall be in proportion to the percentage of fault attributable to each." Minn.Stat. § 604.02, subd. 1 (emphasis added). Appellants argue that the term "awards" encompasses not only jury verdicts, but also costs, disbursements, and interest.

When interpreting a statute, courts must consider its "placement and purpose in the statutory scheme." *Goodman v. Best Buy, Inc.*, 777 N.W.2d 755, 758 (Minn.2010) (quotation omitted). Here, the context and placement of the statute contravene appellants' interpretation. Section 604.02 applies only to apportionment of damages for actions in tort. The statute's substance determines the allocation of damages where two or more parties are at fault. It does not govern costs and disbursements. Nor does it expressly or implicitly limit the court's ability to apportion costs and disbursements under chapter 549, which sets forth separate and distinct mechanisms for recovery apart from damages in tort. *See* Minn. Stat. §§ 549.02, .04.

Additionally, requiring district courts to allocate costs and disbursements in accordance with each defendant's percentage of fault would override the purpose of chapter 549. When a party prevails, an award of costs and disbursements is mandatory. *See* Minn.Stat. § 549.04, subd. 1 (providing that the prevailing party "*shall* be allowed reasonable disbursements" (emphasis added)). Whether a party prevailed depends on a pragmatic analysis that takes into account the plaintiff's success on the merits and recovery of damages. *See Posey v. Fossen*, 707 N.W.2d 712, 714–15 (Minn.App.2006) (setting forth a "pragmatic analysis" in identifying the prevailing party). As appellants

concede, even when a prevailing party is also at fault, the award of costs and disbursements is not reduced by the plaintiff's percentage of fault. *See* Minn.Stat. § 549.04, subd. 1 (mandating award of costs and disbursements in favor of the prevailing party). Appellants concede that O'Brien prevailed as to all defendants at trial. Appellants cite no Minnesota caselaw to support their novel contention regarding allocation of costs and disbursements. Their contention that, in amending Minn.Stat. § 604.02, subd. 1, the legislature intended a sweeping revision to chapter 549, is unpersuasive.

Appellants' interpretation would strip the district court of discretion to determine the taxation of costs and disbursements. We cannot conclude that the legislature intended this result by amending the statute concerning joint liability, but leaving intact the statute allowing for awards of costs and disbursements. *Cf.* Minn.Stat. § 645.17(4) (2010) (providing that "when a court of last resort has construed the language of a law, the legislature in subsequent laws on the same subject matter intends the same construction to be placed upon such language"). If the legislature intended to limit the availability of costs and disbursements under chapter 549, it could have expressly provided such a limitation. The plain language of chapter 549 does not mandate allocation of costs and disbursements according to fault.

Appellants argue that the North Dakota Supreme Court interpreted a similar statute to require allocation of costs and disbursements according to fault in cases involving several liability. *See generally Bartels v. City of Williston*, 276 N.W.2d 113 (N.D.1979). But in *Bartels*, the North Dakota Supreme Court did not directly address the issue of whether trial courts must allocate costs and disbursements in accordance with defendants' apportioned fault. *See id.* at 121–22. In dictum, the

North Dakota Supreme Court noted that North Dakota's "pure comparative negligence" provision—modeled after Minnesota's comparative negligence act—"contemplates the allocation of costs on the same percentage basis as the allocation of damages." *Id.* at 121. As this portion of the opinion is dictum, it is of little persuasive value.[1]

Appellants request this court to look beyond the plain language of the statute and impose substantial modifications to the law. But it is the role of the legislature, not this court, to extend the law. *See, e.g., Tereault*, 413 N.W.2d at 286. In its current form, the plain language of the statute governing costs and disbursements does not require allocation according to fault. The district court therefore did not abuse its discretion in declining to allocate costs and disbursements according to appellants' percentage of the causal fault.

### DECISION

Because the plain language of Minn. Stat. § 604.02, subd. 2, does not limit reallocation to cases involving joint and several liability, the district court correctly applied the statute in reallocating a severally liable defendant's uncollectible share of the judgment. Likewise, because the plain language of Minn.Stat. ch. 549 does not require courts to allocate costs and disbursements according to fault, the district court did not abuse its discretion in declining to do so.

**Affirmed.**

---

1. Moreover, in a later case, the North Dakota Supreme Court retreated from the referenced portion of *Bartels. See Keller v. Vermeer Mfg. Co.*, 360 N.W.2d 502, 508–09 (N.D.1984) (concluding that the relevant dictum in *Bartels* "referred to the allocation of costs between defendants and released tort-feasors, not between plaintiffs and defendants," and further concluding that it did not require apportionment of costs and disbursements according to fault in that case).